**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACEE ELIZABETH McKINNEY, | No. 17-55181 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00442-JAH-KSC |
| v. | |
| BANK OF AMERICA, N.A.; ELIZABETH COURTNEY FARRELL, Lead Attorney, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Tracee Elizabeth McKinney appeals pro se from the district court's

judgment dismissing her action alleging federal and state law claims related to her

home mortgage loan. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Knievel v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed McKinney's rescission claims because McKinney failed to allege facts sufficient to state plausible claims for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also* 12 C.F.R. § 226.20(a)(4) (loan modifications are exempt from Truth in Lending Act disclosure requirements); Cal. Civ. Code § 1217 ("An unrecorded instrument is valid as between the parties thereto and those who have notice thereof."); *Scott v. JPMorgan Chase Bank, N.A.*, 154 Cal. Rptr. 3d 394, 405 n.4 (Ct. App. 2013) (no legal authority to support the proposition that the absence of a notarization record renders an assignment void).

The district court did not abuse its discretion by dismissing McKinney's second amended complaint because McKinney failed to include a demand for relief. *See* Fed. R. Civ. P. 8(a)(3) (pleading must contain "a demand for the relief sought"); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (setting forth standard of review).

17-55181

The district court did not abuse its discretion by denying McKinney leave to file a fifth amended complaint because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying McKinney's request for default judgment because defendants filed a timely motion to dismiss. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment).

The district court did not abuse its discretion by denying McKinney's motion for a preliminary injunction because McKinney failed to establish a likelihood of success on the merits. *See Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 993-94 (9th Cir. 2011) (setting forth standard of review and factors for a preliminary injunction).

The district court did not abuse its discretion by denying McKinney's motion to appoint counsel because McKinney failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for

appointment of counsel).

Denial of McKinney's motions for reconsideration was not an abuse of discretion because McKinney failed to demonstrate any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e)); *see also Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (a motion for reconsideration filed within ten days of entry of judgment is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)).

We reject as unsupported by the record McKinney's contention that the district court erred by taking judicial notice of the deed of trust.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

McKinney's motion to strike the answering brief (Docket Entry No. 14) is denied.

**AFFIRMED.**